FILED'08 NOV 26 10:59USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOE MACK BROWN, JR.,

        Petitioner,        Civil No. 06-1287-CL

       v.                      REPORT AND
                                RECOMMENDATION
GUY HALL,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a Judgment of Conviction and Sentence, dated July 8, 1997, from Multnomah County Circuit Case No. 96-11-38440, Exhibits to Answer (#25), Exhibit 101[1], After conviction for rape in the First Degree (two counts), Kidnapping in the First Degree and Sodomy in the First Degree (ten counts). Following a jury trial,

---

[1]Hereinafter all references to exhibits are to Respondent's Exhibits to Answer (#25) unless otherwise indicated.

1 - REPORT AND RECOMMENDATION

petitioner was sentenced to a 290 month prison term.

Petitioner appealed his convictions but the Oregon Court of Appeals affirmed without opinion, State v. Brown, 162 Or.App. 300 (1999), and the Oregon Supreme Court denied review. 330 Or. 331 (2000). Exhibits 103 - 109.

Petitioner filed an Amended Petition for post-conviction relief in Brown v. Lampert, Malhuer County Circuit Court Case No. 00-10-644M, but the court denied relief. Exhibit 119. The Oregon Court of Appeals affirmed and the Oreogn Supreme Court denied review. Brown v. Lampert, 2002 Or. LEXIS 952. Exhibits 120 - 126.

Petitioner filed a Petition for Writ of Habeas under 28 U.S.C. § 2254 in Brown v. Hill, U.S.D.C. Case No. 03-202-CO, but subsequently moved to dismiss that petition without prejudice in order to pursue Blakely v. Washington claims in state court. Exhibits 128 - 129.

A second or successive petition for post-conviction relief, Exhibit 133, was filed in Brown v. Hill, Umatilla County Circuit Court Case No. CV 05-0351, but was dismissed with prejudice. Exhibit 135. The Oregon Court of Appeals affirmed without opinion, Brown v. Hall, 205 Or. App. 685 (2006), and the Oregon Supreme Court denied review. 341 Or. 140 (2006). Exhibits 136 - 140.

Petitioner filed an Amended Petition for Writ of Habeas Corpus (#7) in this case alleging three claims for relief. In Claim I, petitioner alleges his trial counsel was

2 - REPORT AND RECOMMENDATION

ineffective in 32 specific particulars. In Claim II, petitioner alleges that the trial court violated petitioner's due process rights by failing to declare a mistrial after the prosecutor commented on petitioner's Fifth Amendment right to remain silent. In Claim III, petitioner alleges a Apprendi/Blakely claim and an ineffective assistance of counsel claim based on his counsel's failure to object to the alleged constitutional [Appendi/Blakely] violations.

Respondent's Response to Amended Petition (#22) responded to each of petitioner's arguments. However, Petitioner's Memorandum of Law in Support of Petition (#38) only argues two claims: 1.) Trial counsel was ineffective for failing to call
the victim's ex-boyfriend to testify for the defendant[2]; and 2.) petitioner's consecutive sentences are invalid under Blakely v. Washington.

28 U.S.C. § 2248 provides "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent

---

[2]Section III of petitioner's Memorandum in Support (#38) is captioned "Trial counsel provided ineffective assistance of counsel in failing to throughly prepare for trial, and in failing to subpoena and call as a defense witness the complainant's ex-boyfriend." However, no specific argument is made in support of the general claim that counsel failed to "throughly prepare for trial." The only claim that is argued concerning ineffective assistance of counsel has to do with calling the ex-boy friend as a defense witness.

3 - REPORT AND RECOMMENDATION

that a judge finds from the evidence that they are not true."

In this case respondent's response to the claims alleged in petitioner's Amended Petition (except as noted above) are not traversed and those claims should be deemed to have been abandoned. Moreover, for the reasons set forth in Respondent's Response (#22) I find that petitioner's un-traversed claims are procedurally defaulted and not properly before the court or are otherwise without merit and should be denied.

1. <u>Ineffective assistance of Counsel</u>: Petitioner claims that his trial counsel was ineffective for failing "to call the alleged victim's ex-boyfriend to testify for the defendant as to the credibility and veracity of said victim." Amended Petition (#7) p. 3. Petitioner argues that "[h]ad trial counsel called the complainant's ex-boyfriend as a defense impeachment witness, there is a reasonable probability that, at least some of the trial verdicts would have been different." Memorandum of Law in support of Petition (# 38) p. 11.

Petitioner alleged as Claim C in his post-conviction proceeding that trial counsel was constitutionally ineffective because "Counsel failed to call the alleged victim's ex-husband (sic)[3] to testify for the defendant as

---

[3] The record indicates that Mr. Mathews was Ms. Gates ex-boyfriend and father of her child rather than her "ex-husband."

4 - REPORT AND RECOMMENDATION

Case 1:06-cv-01287-CL    Document 43    Filed 11/26/08    Page 5 of 16

to the credibility and voracity of said victim."
Petitioner's First Formal Petition for Post-Conviction
Relief (Exhibit 110) p. 3.

The affidavit of Petitioner's trial counsel was
submitted to the post-conviction court. The affidavit
stated:

> 4. My investigator spoke with Travis Mathews, Dawn
> Gates' ex-boyfriend and the father of her child. According
> to my investigator's report, he provided no information
> regarding a prior rape or her working as a prostitute. Nor
> did he say that she tended to lie a lot. He did say that she
> used drugs on occasion and that she is an instigator. After
> my investigator's initial interview, Mr. Mathews and his
> family became uncooperative. My investigator sent him a
> letter attempting to re-contact him and tried to track him
> down through leads in court documents. Because Mr. Mathews
> did not provide specific helpful information, shared a child
> with Dawn Gates, and became uncooperative, I did not pursue
> calling him as a witness.

Exhibit 117, p. 2.

The post-conviction court found that "Petitioner
submitted no evidence of what other witnesses would say
other than his own wishful speculations." Post-Conviction
Judgment (Exhibit 119) p. 1. The court concluded: "(7)
Petitioner has failed to prove that trial counsel provided
ineffective assistance;" and "(8) Petitioner has failed to
prove that any of trial counsel's alleged improper actions
or failure to act would have had a tendency to affect the
outcome of his case." Id., p. 2.

As noted above, the Oregon Court of Appeals granted a
summary affirmance of the post-conviction judgment, Exhibit
123, and the Oregon Supreme Court denied review. Exhibit

5 - REPORT AND RECOMMENDATION

125.

Respondent concedes that petitioner properly exhausted his ineffective assistance of counsel claim based on counsel's failure to call Mr. Mathews as a witness.

Respondent argues that the state court decision denying relief on petitioner's ineffective assistance of counsel claim are entitled to deference under 28 U.S.C. § 2254(d)(1) which provides that a state court decision is entitled to deference unless it was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court. Williams v. Taylor, 120 S.Ct. 1495 (2000).

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court outlined a two-pronged test for assessing a claim of ineffective assistance of counsel as follows: "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction ... has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless the defendant shows both showings, it cannot be said that the conviction ... resulted from a breakdown of the

6 - REPORT AND RECOMMENDATION

adversary process that renders the result unreliable." More than mere incompetence is necessary to prove deficient performance. Strickland imposes a "highly demanding" standard upon a petitioner to prove counsel's "gross incompetence." Kimmelman v. Morrison, 477 U.S. 365 (1986).

The habeas court "must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, supra, at 689.

The prejudice prong requires the petitioner to affirmatively prove actual prejudice. Id. at 693. "Actual prejudice" occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

I find that the state court decision that petitioner's counsel was not constitutionally deficient is not contrary to, or involve an unreasonable application of the Strickland standard and is supported by the record before the court.

Wide latitude is afforded to defense counsel in making tactical decisions. Strickland v. Washington, 466 U.S. at 689. The decision to call or not to call a witness is a tactical decision. Denham v. Deeds, 954 F.2d 1501, 1505 (9th Cir. 1991) (the failure to call a witness for tactical reasons "reflects the skill and judgment one would expect of

7 - REPORT AND RECOMMENDATION

a reasonably competent attorney"). A criminal defendant's disagreement with tactical decisions made by counsel "does not provide the basis for declaring that representation constitutionally deficient." Raley v. Ylst, 444 F.3d 1085, 1091 (9th Cir. 2006).

In this case, the record reflects that counsel's investigator interviewed Mr. Mathews and other than to indicate that Ms. Gates used drugs on occasion and that she was an "instigator," he provided no useful information to the defense. In addition, Mr. Mathews became uncooperative when later attempts were made to contact him.

The fact that Mr. Mathews could provide "no useful information" to the defense and became uncooperative indicates that the decision not to call him as a defense witness was a reasonable tactical decision.

In addition, petitioner has not established any prejudice from the failure to have Mr. Mathews testify.

Respondent cites "Tr.Tr., page 59 (lines 23-25)" for the argument that Ms. Gates "admitted on direct examination to using drugs in the past." Response to Amended Petition (#22) p. 21. Although the trail transcript has not been made part of the record in this proceeding, petitioner has not disputed respondent's contention that Ms. Gates testified at trial that she had "used drugs in the past," See, Exhibit 111, p. 11 [Post-Conviction Trial Memorandum], and that the "jury was certainly made aware of the fact that

8 - REPORT AND RECOMMENDATION

the victim had previously used drugs." Id.

It is undisputed on the record before the court that evidence of Ms. Gates drug use was introduced at petitioner's trial. Therefore, petitioner was not prejudiced by the fact that Mr. Mathews did not testify to that fact.

As noted above, no evidence was offered at the post-conviction trial as to what Mr. Mathews' testimony would have been if he had been called as a witness. Petitioner has not alleged in this proceeding what the substance of such testimony might have been.

Neither Oregon nor the Ninth Circuit recognize self-serving statements from a criminal defendant as satisfying the Strickland prejudice requirement when a witness is not called to testify in the collateral proceeding challenging the conviction. Horn v. Hill, 180 Or App 139, 148-49 (2002) ("where evidence omitted from a criminal trial is not produced in a post-conviction proceeding *** its omission cannot be prejudicial"); New v. Armenakis, 156 Or App 24, 29 (1998), rev denied 328 Or 594 (1999) (testimony by petitioner only as to what another person would have said if called to testify cannot establish prejudice); Dows v. Wood, 211 F.3d 480, 486-87 (9th Cir. 2000) (petitioner's self-serving affidavit of what another would have said if called to testify does not show prejudice); Wildman v. Johnson, 261 F.3d 832, 839 (9th Cir. 2001) (speculation about what an

9 - REPORT AND RECOMMENDATION

expert witness would have said if called to testify does not establish prejudice).

Petitioner argued in the post-conviction proceeding that Mr. Mathews' testimony concerning Ms. Gates "perchance for drug use" and "instigation" would have "served to undermine her version of the events" and that "if the ex-boyfriend had been forced to testify ... the jury would have tended to discredit her version of the events." Exhibit 120, p. 6 - 7 Petitioner may be making that argument in this proceeding. See, Memorandum of Law in Support of Petition (#38), p. 6.

Petitioner argues that if trial counsel had "called the complainant's ex-boyfriend as a defense impeachment witness, there is a reasonable probability that, at least some of the trial verdicts would have been different." Memorandum of Law in Support of Petition (#38) p. 11. However, petitioner's argument is unsupported by any specific allegations of fact and fails to establish that petitioner was prejudiced by counsel's decision not to call the witness.

I find that the "impeachment testimony" that Ms. Gates was a drug user, without more, would not have resulted in a reasonable probability that the result of the proceeding would have been different. The relevancy of Ms. Gates' alleged "perchance for instigation" is not clear and no prejudice is apparent from the lack of testimony concerning

10 - REPORT AND RECOMMENDATION

such a tendency.

2. <u>Blakely v. Washington</u> claim: Petitioner claims "that his consecutive sentences, imposed without a jury determination of the factors necessary for such sentences, are invalid under the Sixth Amendment as interpreted in <u>Blakely v. Washington</u>.

Petitioner's <u>Blakely v. Washington</u> claim was litigated in petitioner's successive post-conviction proceeding. Exhibit 133. Assuming *arguendo* that the claim is exhausted for purposes of habeas corpus jurisdiction, the <u>Blakely</u> decision does not help petitioner in this case.

Petitioner was sentenced on July 1, 1997, and the convictions became final on September 21, 2000.[4] <u>Blakely</u> does not apply retroactively to convictions that became final prior to its publication on June 24, 2004. <u>Schardt v. Payne</u>, 414 F.3d 1025, 1027 (9th Cir. 2005), *cert. denied* 126 S.Ct. 2346 (2006). Petitioner acknowledges that "the Ninth Circuit has held that the <u>Blakely</u> decision is not retroactive." Memorandum of Law in Support of Petition (#38) p. 12.

<u>Schardt</u> is dispositive of petitioner's substantive Sixth Amendment claim because petitioner's direct appeal was final before <u>Blakely</u> and <u>Blakely</u> is not retroactive.

It is not clear whether petitioner is making an

---

[4]When the time for seeking certiorari by the Supreme Court expired.

11 - REPORT AND RECOMMENDATION

ineffective assistance of counsel claim based on counsel's failure to object to his sentence on <u>Blakely</u> grounds. However, if the trial court did not commit error in imposing petitioner's sentence, petitioner's attorney was not ineffective for failing to object to the sentence. It is not constitutionally required that a defense attorney anticipate future developments in the law. <u>Sophanthavong v. Palmateer</u>, 378 F.3d 859, 870 (9th Cir. 2004) ("<u>Strickland</u> does not mandate prescience, only objectively reasonable advice under prevailing professional norms"); <u>see also</u>, <u>Brown v. United States</u>, 311 F.3d 875, 878 (8th Cir. 2002)(failure to predict developments of law regarding <u>Apprendi</u> like issues is not ineffective).

<u>Summary:</u> Of the "Claims pertaining to Trial Counsel" alleged in Claim I of petitioner's Amended Petition (#7), petitioner has pursued in this proceeding only the allegation that counsel was ineffective for failing to call the complainants ex-boyfriend as a defense witness. The other allegation concerning counsel are not traversed and should be deemed abandoned, unexhausted or not otherwise properly before the court, and denied on the merits for the reasons set forth in respondent's Response to Amended Petition (#22).

Petitioner's claim concerning counsel's failure to call Mr. Mathews as a witness should be denied on the ground that the state court decision denying petitioner's claim in this

12 - REPORT AND RECOMMENDATION

regard is entitled to deference under 28 U.S.C. § 2254(d)(1). In addition, the state court decision is supported by the record before the court which establishes that counsel's decision not to call Mr. Mathews as a witness was a reasonable professional judgment. In addition, petitioner has failed to establish any actual prejudice arising from the failure to call Mr. Mathews as a witness.

Petitioner's claim that the court erred by imposing consecutive sentences should be denied because it is based on the decision in <u>Blakely v. Washington</u> which was decided after petitioner's conviction became final and is not retroactive. If petitioner is making an ineffective assistance of counsel claim based on his attorney's failure to object to the imposition of consecutive sentences based on <u>Blakely</u>, it should be denied because defense counsel's failure to predict developments in the law does not violate the <u>Strickland v. Washington</u> standard for constitutionally adequate assistance of counsel.

Based on all of the foregoing, petitioner's Amended Petition (#7) should be denied.

Petitioner alternatively requests that an evidentiary hearing be held "on the claims raised here." Memorandum of Law in Support of Petition (#38) p. 13.

28 U.S.C. § 2254(e)(2) provides:

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claims unless the applicant shows that -

13 - REPORT AND RECOMMENDATION

> (A) The claim relies on -
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have previously been discovered through the existence of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner has not alleged in what respects the factual record is insufficient, what facts he would hope to establish at an evidentiary hearing, or that any such facts could not have been previously discovered through the exercise of due diligence.

This court does not "harbor any reservations concerning the historical facts at issue." See, Memorandum of Law in Support of Petition (#38), p. 14. The decision to allow an evidentiary hearing is within the sound discretion of the habeas court. Schriro v. Landrigan, 127 S.Ct. 1933, 1937 (2007); see also, Holland v. Jackson, 124 S.Ct. 2736 (2004).

Petitioner has not established any of the requirements for an evidentiary hearing. Petitioner's alternative request that the court hold an evidentiary hearing should be denied.

This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

14 - REPORT AND RECOMMENDATION

Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 25 day of November, 2008.

Mark D. Clarke
United States Magistrate Judge

15 - REPORT AND RECOMMENDATION